Case. — Jacob Kincaid gave his writing obligatory dated the 29th of October, 1804, to the defendant for $300, which might be discharged in a likely, healthy, sensible, and well-grown negro girl, over fifteen years of age, and under twenty, clear of any impediment, against the first day of March ensuing; and afterwards on the 14th day of January, 1805, the defendant assigned said covenant to the plaintiff for value received. The plaintiff brought an action in the County Court of Sumner, to recover the value of said negro, and obtained judgment for $319 and costs; upon which a fi. fa. issued, and was returned nothing found; the declaration charged that by reason of the premises and by force of the Act of Assembly in such case made and provided, the defendant became liable to pay the aforesaid sum of $319; and assumed upon himself, c, plea non-assumpsit, and issue. The plaintiff produced a record of the recovery, and of the fi. fa. and return, and there rested his cause.
On the part of the defendant, it was contended that this was not a negotiable paper, and, if it were, it is not the bringing suit that creates responsibility in the assignor. It is the exertion of industry, presenting the note for payment, refusal to pay, and notice to the assignor, that is necessary to render him liable. Our Act of 1801, c. 6, § 54, which enables the assignee of unnegotiable paper to bring a suit in his own name, does not create any liability on the' part of the assignor. That is left precisely as it was before. An assignor of an unnegotiable paper can only be liable when the obligee was insolvent at the time of the assignment.
On the other side, it was argued that the dictates of natural justice and of good conscience would support this recovery. The defendant has received a consideration which ought to be refunded. In equity and conscience he cannot retain it, and the law will afford redress wherever this is the case. It has been urged on the part of defendant that no proof has been made of the payment of the consideration. The assignment states that it was for value received *Page 385 
and the sum expressed in the note will show that value.
This is not a negotiable bond under the Act of 1786, c. 4, such notes and obligations must be for money. The Act of 1801, c. 6, § 54, does not extend the principle of negotiability. It only enables the assignee of an unnegotiable paper to bring suit in his own name. The question then is, whether, upon the assignment of an unnegotiable paper, the common law will raise an assumpsit, in case the demand cannot be obtained from the obligor. To us it appears evident that an action cannot be maintained unless fraud mingled itself with the transaction; such as that the defendant knew Kincaid was insolvent when the assignment was made, and represented it otherwise.
Verdict for defendant.